**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER ANDRADE,**

    **Plaintiff,**

v.                                                                      Case No:

**PNC BANK, NATIONAL**
**ASSOCIATION; and**
**TRUEACCORD, CORP.,**                          **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **CHRISTOPHER ANDRADE** ("Mr. Andrade" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **PNC BANK, NATIONAL ASSOCIATION** ("Debt Owner") and **TRUEACCORD, CORP.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by directly sending Mr. Andrade collection e-mails in attempts to collect an illegitimate debt when Defendants knew that the Debt was illegitimate and that Mr. Andrade was represented by counsel

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **1** of **14**

with respect to the alleged Debt, which can all be reasonably expected to harass Mr. Andrade.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal questions presented in the FDCPA pursuant to 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Andrade, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. At all times material hereto, Debt Owner was and is an active bank, FDIC # 6384, with its headquarters located at 222 Delaware Avenue, Wilmington, Delaware 19899.

6. At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of California and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, Florida 32301.

7. At all times material hereto, Debt Collector was and is a "Debt Collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **2** of **14**

8. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Deb Owner for purposes of contacting Mr. Andrade in attempts to collect the alleged Debt.

9. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

10. At all times material hereto, Debt Collector sent e-mails to Mr. Andrade on behalf of Debt Owner in attempts to collect the alleged Debt.

11. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Andrade's information.

12. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Andrade's information into Debt Owner's sales or customer systems.

13. Under information and belief, Debt Owner gave Debt Collector authority to use Debt Owner's trade name, trademark, or service mark.

14. Under information and belief, Debt Owner wrote, approved, or reviewed a form e-mail for Debt Collector to use when contacting Mr. Andrade.

15. Under information and belief, via a contractual relationship between Debt Collector and Debt Owner, Debt Owner had control or the ability to control Debt Collector's actions in sending collection e-mails to Mr. Andrade in attempts to collect the alleged Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **3** of **14**

### *Statements of Fact*

16. Mr. Andrade opened a personal banking account with Debt Owner ("Account").

17. Sometime thereafter, Mr. Andrade decided to switch banks, removed all but $1.00 from his Account, and submitted a request to Debt Owner that all automatic withdrawals be stopped.

18. Despite Mr. Andrade's request, Debt Owner then processed an automatic withdrawal through the Account that exceeded the balance in his Account, which caused an outstanding balance owed to Debt Owner thereunder ("Debt").

19. Mr. Andrade contacted Debt Owner's local branch and informed Debt Owner's local branch manager that the Debt was improper because Mr. Andrade had requested that all automatic withdrawals from the Account be stopped.

20. In response, Debt Owner's local branch manager confirmed that the Debt would be waived because it was improper.

21. Debt Owner did not waive the Debt, however, and instead decided to assign the Debt to a debt collection company for collection purposes.

22. On July 26, 2018, Mr. Andrade filed a lawsuit that alleged violations of the FDCPA and FCCPA in connection with the collection of the Debt against Debt Owner's prior debt collection company.

23. Mr. Andrade has thereby been represented by counsel with respect to the Debt since at least July 26, 2018.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **4** of **14**

24.     Debt Owner's prior debt collection company had actual knowledge that Mr. Andrade is and was represented by counsel with respect to the Debt because the prior debt collection company had actively participated in the court case and extensively communicated with Mr. Andrade's counsel through its own counsel of record.

25.     Under information and belief, Debt Owner's prior debt collection company informed Debt Owner that Mr. Andrade had filed the prior lawsuit and was represented by counsel with respect to the Debt.

26.     Sometime after the prior lawsuit was filed, despite having actual knowledge that Mr. Andrade had filed the prior lawsuit and was represented by counsel with respect to the Debt, Debt Owner assigned the Debt to Debt Collector for collection purposes.

27.     In November of 2018, Debt Collector began sending e-mails directly to Mr. Andrade's e-mail address in attempts to collect the Debt.

28.     For example, on November 30, 2018, Debt Collector sent Mr. Andrade a direct e-mail that stated, "Let's resolve this!," identified Debt Owner as the current creditor, demanded a "Total Balance Due" of $88.83, and closed with a statement that "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." ***See* Exhibit "A" ("Collection E-Mail 1")**.

29.     On December 3, 2018, Debt Collector sent Mr. Andrade yet another direct e-mail that stated, "Get started with a payment of $44.41," offered Mr. Andrade to sign

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **5** of **14**

up for a payment plan, and identified Debt Owner as the current creditor. *See* **Exhibit "B" ("Collection E-Mail 2")**.

30. Debt Collector has continued to send Mr. Andrade direct collection e-mails after sending Collection E-Mail 1 and Collection E-Mail 2 (collectively "Collection E-Mails").

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(against Debt Collector)*

31. Mr. Andrade re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Mr. Andrade is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c (a) (2) by directly e-mailing Mr. Andrade in attempts to collect the Debt when Defendant knew that Mr. Andrade was represented by counsel with respect to the debt and had knowledge of, or could readily ascertain, Mr. Andrade's counsel's name and address.

   b. Defendant violated 15 U.S.C. § 1692e by misrepresenting the amount of the Debt and that the Debt was collectible when it sent the Collection E-Mails when Debt Owner had

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **6** of **14**

previously confirmed that Mr. Andrade should not owe the alleged Debt.

36. As a result of the above violations of the FDCPA, Mr. Andrade has been subjected to illegal collection activities for which he has been damaged.

37. Defendant's actions harmed Mr. Andrade by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Andrade was and is represented by counsel with respect to the Debt.

38. Defendant's actions harmed Mr. Andrade by wasting his time.

39. Defendant's actions harmed Mr. Andrade by being a nuisance and causing him aggravation.

40. Defendant's actions harmed Mr. Andrade by invading his privacy.

41. Defendant's actions harmed Mr. Andrade by causing him emotional distress.

42. It has been necessary for Mr. Andrade to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

  a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

  b. Awarding actual damages;

  c. Awarding costs and attorneys' fees; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **7** of 14

d. Any other and further relief as this Court deems equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(against Debt Collector)*

44. Mr. Andrade re-alleges paragraphs 1-30 and incorporates the same herein by reference.

45. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting that the Debt was collectible when it sent the Collection E-Mails to Mr. Andrade when Debt Owner had previously confirmed that Mr. Andrade should not owe the alleged Debt.

   b. Defendant violated Fla. Stat. § 559.72(18) by sending the Collection E-Mails directly to Mr. Andrade when Defendant knew that Mr. Andrade was represented by counsel with respect to the Debt and had knowledge of, or could readily ascertain, Mr. Andrade's counsel's name and address.

46. As a result of the above violations of the FCCPA, Mr. Andrade has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **8** of **14**

47. Defendant's actions harmed Mr. Andrade by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Andrade was and is represented by counsel with respect to the Debt.

48. Defendant's actions harmed Mr. Andrade by wasting his time.

49. Defendant's actions harmed Mr. Andrade by being a nuisance and causing him aggravation.

50. Defendant's actions harmed Mr. Andrade by invading his privacy.

51. Defendant's actions harmed Mr. Andrade by causing him emotional distress.

52. It has been necessary for Mr. Andrade to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

53. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. §559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **9** of **14**

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(against Debt Owner)*

54. Mr. Andrade re-alleges paragraphs 1-30 and incorporates the same herein by reference.

55. Debt Owner directly violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

   a. Debt Owner violated Fla. Stat. § 559.72(7) by assigning the Debt to Debt Collector for collection purposes after Defendant knew that Mr. Andrade had sued Debt Owner's prior collection company alleging violations of the FDCPA and FCCPA in connection with collection of the Debt, and that Mr. Andrade was thereby represented by counsel with respect to the Debt, which can reasonably be expected to harass Mr. Andrade.

   b. Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting that the Debt was collectible when it assigned Debt Collector to send e-mails directly to Mr. Andrade in attempts to collect the Debt when Debt Owner had previously confirmed that Mr. Andrade should not owe the alleged Debt.

   c. Debt Owner violated Fla. Stat. § 559.72(18) by assigning Debt Collector the Account for collection purposes when Debt Owner knew that Mr. Andrade was represented by

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **10** of **14**

counsel with respect to the Debt and had knowledge of, or could readily ascertain, Mr. Andrade's counsel's name and address from the prior court case.

56. At all times relevant hereto, Debt Owner was also vicariously liable for the actions of its Debt Collector.

57. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting that the Debt was collectible when it sent the Collection E-Mails to Mr. Andrade when Debt Owner had previously confirmed that Mr. Andrade should not owe the alleged Debt.

   b. Debt Collector violated Fla. Stat. § 559.72(18) by sending the Collection E-Mails directly to Mr. Andrade when Defendant knew that Mr. Andrade was represented by counsel with respect to the Debt and had knowledge of, or could readily ascertain, Mr. Andrade's counsel's name and address.

58. As a result of the above violations of the FCCPA, Mr. Andrade has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **11** of **14**

59. Defendants' actions harmed Mr. Andrade by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Andrade was and is represented by counsel with respect to the Debt.

60. Defendants' actions harmed Mr. Andrade by wasting his time.

61. Defendants' actions harmed Mr. Andrade by causing a risk of personal injury to Mr. Andrade due to interruption and distraction.

62. Defendants' actions harmed Mr. Andrade by being a nuisance and causing him aggravation.

63. Defendants' actions harmed Mr. Andrade by causing him embarrassment.

64. Defendants' actions harmed Mr. Andrade by invading his privacy.

65. Defendants' actions harmed Mr. Andrade by causing him emotional distress.

66. It has been necessary for Mr. Andrade to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

67. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by Fla. Stat. §559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **12** of **14**

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Andrade, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 21, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **13** of **14**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Andrade v. PNC Bank and TrueAccord*
Page **14** of **14**